UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLETCHER LEGARDY,<br><br>    Plaintiff,<br><br>    v.<br><br>SUBWAY SANDWICH SHOP,<br><br>    Defendant. | No.  2:23-cv-1897-DJC-CKD PS<br><br>ORDER |

    Plaintiff, proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 4.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, so plaintiff's request is granted.[2]

    However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

[2] The court construes the complaint and motion to proceed in forma pauperis filed September 7, 2023 (ECF Nos. 3, 4) as the operative complaint and motion.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (generally, an amended complaint supersedes the original complaint).

1

court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

/////

/////

**Analysis**

Plaintiff's complaint does not allege enough facts from which the court can infer a cause of action over which the court has jurisdiction. Plaintiff does not assert any federal claims against any defendant, and therefore the court does not have federal question jurisdiction. It is also not clear that complete diversity of citizenship exists. Plaintiff is a citizen of California. (ECF No. 3 at 1.) Defendant is a corporation with its principal place of business in California, but headquartered in Illinois. (Id. at 2, 4-5.) The term "principal place of business" in the diversity jurisdiction statute refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities. Hertz Corp. v. Friend, 559 U.S. 77, 93 (2010). This is often, but not always, the company's headquarters. Id (the principal place of business is where a corporation maintains its headquarters, assuming the headquarters is the actual center of direction, control, and coordination). In light of this definition, plaintiff must allege more facts establishing defendant's citizenship in order to establish that the court has jurisdiction.

Additionally, the complaint does not contain enough facts from which the court can infer a cognizable claim. Plaintiff states, "August 12, 2023 on NPR radio the corporation is searching for the original ow[n]er and I am the original ow[n]er as of 1965." (ECF No. 3 at 5.) These allegations do not state a cause of action upon which the requested relief (10 billion dollars) can be granted.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Thus, plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. See Jones, 733 F.2d at 649. Plaintiff's complaint does not meet this standard.

**Leave to Amend**

For the reasons stated above, plaintiff's complaint must be dismissed. When evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned cannot say that it appears beyond doubt that leave to amend would be futile and therefore grants plaintiff leave to file an amended complaint. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 4) is granted.
2. Plaintiff's complaint (ECF No. 3) is dismissed with leave to amend.
3. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.
4. Failure to comply with this order in a timely manner will result in a recommendation that this action be dismissed.

Dated: November 3, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, lega.1897