UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLETCHER LEGARDY,<br><br>            Plaintiff,<br><br>      v.<br><br>SUBWAY SANDWICH SHOP,<br><br>            Defendant. | No.  2:23-cv-01897-DJC-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff, proceeding pro se, filed a complaint and requested leave to proceed in forma pauperis.  (See ECF Nos. 1, 2, 3.)  The court granted plaintiff's IFP request and dismissed the complaint under Rule 8(a) for failure to state a discernable claim for relief.  (ECF No. 5.)  Plaintiff was given 28 days to further amend the complaint and was warned that failure to do so by the required deadline could result in sanctions, including "dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b)."  (Id. at 4.)

    On December 1, 2023, plaintiff filed a request for extension of time to file a second amended complaint; however, plaintiff's request was not supported by good cause.  (ECF Nos. 6, 7.)  Nonetheless, the court granted plaintiff an additional fourteen days to file an amended complaint. (ECF No. 7.)  Plaintiff was cautioned that failure to file an amended complaint or a request for extension of time supported by good cause would result in a recommendation that this case be dismissed.  (Id.)

1

Plaintiff filed an untimely second request for extension of time on December 27, 2023. (ECF No. 8.) Plaintiff's request fails to show good cause for an extension of time to file an amended complaint. As the applicable deadline has passed and plaintiff has not complied with the court's order, the undersigned recommends that this case be dismissed with prejudice.

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992), as amended (May 22, 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).  This court's Local Rules are in accord.  See E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  See Ferdik, 963 F.2d at 1260.  These are:

    (1) the public's interest in expeditious resolution of litigation;
    (2) the court's need to manage its docket;
    (3) the risk of prejudice to the defendants;
    (4) the public policy favoring disposition of cases on their merits; and
    (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

Here, the first two factors weigh in favor of dismissal, because this case was delayed by plaintiff's failure to take the steps necessary to move this case forward.  The third factor also favors dismissal, because, at a minimum, defendant has been deprived of an opportunity to be promptly notified of the lawsuit and prepare their defense.  With the passage of time, memories fade and evidence becomes stale.  The fifth factor also favors dismissal because the court has already attempted less drastic alternatives.  Specifically, after granting plaintiff leave to proceed without paying the filing fee, the court informed plaintiff of the complaint's deficiencies and granted leave to amend.  However, plaintiff has not further amended the complaint or filed a motion for extension of time supported by good cause, leaving the court with little alternative but to recommend dismissal.  Given plaintiff's request to proceed IFP, it is unlikely that monetary sanctions would be effective.

As to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors.  Indeed, it is plaintiff's own failure to comply with the rules that precludes a resolution on the merits.  Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims be DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate

/////
/////
/////
/////
/////

Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 4, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,lega.1897