UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLETCHER LEGARDY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUBWAY SANDWICH SHOP,<br><br>　　　　　Defendant. | No.  2:23-cv-01897-DJC-CKD PS<br><br>ORDER |

　　　　On January 4, 2024, the Magistrate Judge filed findings and recommendations (ECF No. 9), which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days.  No objections were filed.  Accordingly, the court presumes that any findings of fact are correct.  *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo.  *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

　　　　The Court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the findings and recommendations in full.

　　　　Additionally, while Plaintiff has since filed an amended complaint, the time to file such an amended complaint had already run. (*See* ECF Nos. 7, 11.)  Moreover, the

amended complaint filed by Plaintiff plainly fails to state a claim.  The portion of the amended complaint that contains Plaintiff's own statements says, in its entirety:

> In 1965 I started a company that brought my other companies to Walstree stock broker. My company was E F Hutton. The store closed in 1982.  In 2023 September 12 national public radio announced they were looking for Subway sandwich shops owner. On September 25, 23 I filed with Federal Court in Sacramento, California. The Court number is 2:23-cv-1897-DJC-CKD PS, also also as a continuance [sic].  The Court said "I had to file with a corporation state." Which brought me to you. Were [sic] going to send a money order in the mail along with court papers.

(ECF No. 10.)  The remainder of the document is a partially completed application to proceed in forma pauperis for the United States District Court for the Northern District of Illinois and a money order sent to that same court.

Nothing in the above statement, the partially completed in forma pauperis application, or the money order states a claim or indicates an ability to do so.  Thus, even if Plaintiff's amended complaint were permitted, dismissal with prejudice would still be warranted based on Plaintiff's failure to state a claim and the frivolous nature of the complaint.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 9) are ADOPTED IN FULL;
2. Plaintiff's claims are DISMISSED with prejudice for failure to state a claim; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **February 13, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE